UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TASHEEM BURDEN,

                      Plaintiff,

       - against -

P.O. CHRISTOPHER BRUNO (Shield # 3374), and
SGT. ANTHONY ALFANO (Shield # 705),
Individually and in their official capacities,

                    Defendants.

------------------------------------------------------------------x

*DKT#:*

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

CV 12 - 3287

GLEESON, J.

GO, M.J.

        Plaintiffs, TASHEEM BURDEN, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

        2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the

First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

        3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

        4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, TASHEEM BURDEN, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7.  THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, P.O. CHRISTOPHER BRUNO (Shield # 3374), and SGT. ANTHONY ALFANO (Shield # 705), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about November 13, 2011, at approximately 12:45 a.m. at the corner of Rector Street and Castleton Avenue, in Staten Island New York, in the County of Richmond, City and State of New York, the Plaintiff was walking along the public roadway.

14. At the aforementioned time and place, a police vehicle pulled up to the Plaintiff and P.O. CHRISTOPHER BRUNO (Shield # 3374), and SGT. ANTHONY ALFANO (Shield # 705), jumped out of the vehicle and aggressively approached Plaintiff.

15. The Plaintiff was forcibly pushed up against a fence and detained.

16. The Plaintiff was frisked and his pockets searched.

17. One of the Defendant Police Officers stated "you're dumb – you wanna rob Mexicans?"

18. The Plaintiff informed the Defendant Police Officers that he was going home and that he did not rob anyone. **(See Exhibit A).**

19. At the time the Plaintiff was detained and being accosted by police, the victim of the crime was in the police vehicle and was present to confirm the identity of the perpetrator.

21. The victim's presence at the scene in order to identify any perpetrator amounts to a "show up" and is a police arranged identification procedure. **(See Exhibit A).**

20. At the time the police were detaining the Plaintiff, the victim verbally called out to police and said "are you sure you have the right guy?"

21. It was clear based on the statement made by the victim and his demeanor and tone of voice that the victim was concerned that the Defendant Police Officers had stopped the wrong

person.

22. The statements made by the victim demonstrate that the Plaintiff was not positively identified as the perpetrator of the crime alleged.

23. The circumstances surrounding the identification procedure performed by the Defendant Police Officers was unduly suggestive.

24. The Plaintiff was arrested and charged with various Felonies and Misdemeanors in Richmond County Criminal Court under docket number 2011 RI 010219.

25. The criminal complaint states as follows:

> "[P.O. Christopher Bruno] is informed by RAIMONDO VELIZQUEZ that defendant pushed informant up against a fence, grabbed a chain from around informant's neck taking informant's chain and left the above location in possession of said chain." **(See Exhibit B)**

26. At the time the Plaintiff was detained by police while on Rector Street and Castleton Avenue, the police did not recover the victim's chain from the Plaintiff. The Plaintiff was not in possession of the chain.

27. Despite the fact that the Plaintiff was not positively identified as the perpetrator of a crime, and despite the unduly suggestive nature of the circumstances surrounding the identification procedure, and despite the fact that the Plaintiff did not have the victim's chain on his person, the Defendant Police Officers arrested the Plaintiff and subjected him to a criminal prosecution.

28. The Plaintiff was in jail for approximately seven (7) days before he was released from custody.

29. On April 2, 2012, the victim, RAIMONDO VELIZQUEZ, notified the Richmond County District Attorney's Office that he did not wish to proceed with the prosecution of the

Plaintiff. **(See Exhibit C).**

30. All criminal charges against the Plaintiff were dismissed on or about May 8, 2012.

31. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff TASHEEM BURDEN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the

supervision of ranking officers of said department.

37. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff TASHEEM BURDEN was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

40. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of defendants' aforementioned conduct, plaintiff TASHEEM BURDEN

and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

44. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of TASHEEM BURDEN's constitutional rights.

45. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against TASHEEM BURDEN.

48. Defendants lacked probable cause to initiate criminal proceedings against ALEXA ESPINAL.

49. Defendants acted with malice in initiating criminal proceedings against ALEXA ESPINAL.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against TASHEEM BURDEN.

51. Defendants lacked probable cause to continue criminal proceedings against

TASHEEM BURDEN.

52. Defendants acted with malice in continuing criminal proceedings against ALEXA ESPINAL

53. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in TASHEEM BURDEN's favor when all criminal charges against him were dismissed.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

57. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

58. Defendants acted with intent to do harm to TASHEEM BURDEN without excuse or justification.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained,

inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental

anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred

monetary costs, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Each of the Defendants including conspired to violate Plaintiff's civil rights by

agreeing among themselves to engage in the conduct set forth above for which the defendants are

individually liable.

62. All of the aforementioned Defendants conspired by agreeing among themselves to

engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants

are individually liable.

## DAMAGES AND RELIEF REQUESTED

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the foregoing acts by defendants deprived TASHEEM BURDEN of federally

protected rights, including, but not limited to, the right:

      A.  Not to be deprived of liberty without due process of law;

      B.  To be free from seizure and arrest not based upon probable cause;

      C.  To be free from unwarranted and malicious criminal prosecution;

      D.  To receive equal protection under the law.

65. By reason of the aforesaid conduct by defendants, plaintiff TASHEEM BURDEN is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff TASHEEM BURDEN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
      June 7, 2012

By:                              

BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832

# EXHIBIT A

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

THE PEOPLE OF THE STATE OF NEW YORK

-against-

Tasheem Burden.

Defendant(s)

Notice Pursuant to
CPL §710.30 & 250.20

Docket No:

1. **PLEASE TAKE NOTICE**, that pursuant to CPL § 710.30 (1) (a), during trial, the People intend to offer evidence of a statement made by the defendant to a public servant.

a. That said statement was in writing.        Yes ☐  No ☑
   That a copy of said statement is attached.   Yes ☐  No ☐
   If not attached, will be supplied before _____

b. That said statement was oral.              Yes ☑  No ☐
   To whom made        _P.O. Bruno_
   Date made           _11/13/2011_
   Where made          _C/o Castleton Ave and Rector St._
   Substance of statement
   _I'm going home. Catching the bus._

c. ☐ This notice is not applicable in this case.

2. **PLEASE TAKE NOTICE** that pursuant to CPL § 710.30 (1) (b), during trial, the People intend to offer testimony regarding an observation of the defendant upon some occasion relevant to the case, which testimony will be given by witness (es) who has (have) previously identified the defendant as such.

   Type of prior
   identification          _Show up/ Canvass_
   Date identification made _11/13/2011_
   Place identification     _Rector St. and Castleton Ave._

☐ This notice is not applicable in this case.

# EXHIBIT B

# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF RICHMOND

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

1. TASHEEM BURDEN (M 20)

-defendant(s)-

**FELONY**

# 2011RI010219



STATE OF NEW YORK  )
                                      )  ss.:
COUNTY OF RICHMOND )

P.O. Christopher Bruno, shield # 3374 of the 120, deposes and says as follows:

On 11-13-2011 at approximately 0045 hours at corner of Castleton Ave. and Clove Rd., in Staten Island New York in the County of Richmond and State of New York, the defendant committed the offenses of:

| | | |
|---|---|---|
| 1. P.L. 160.05 | Robbery 3rd degree | |
| 2. P.L. 155.30(5) | Grand Larceny 4th degree | |
| 3. P.L. 165.40 | Criminal Possession of Stolen Property 5th degree | |
| 4. P.L. 240.26(1) | Harassment 2nd degree | |

in that the defendant(s) did: forcibly steal property; steal property from the person of another; knowingly possess stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof; and with intent to harass, annoy or alarm another person struck, shoved, kicked or otherwise subjected such other person to physical contact, or attempted or threatened to do the same.

The offenses were committed under the following circumstances:

Deponent is informed by RAIMONDO VELIZQEUZ that defendant pushed informant up against a fence, grabbed a chain from around informant's neck taking informant's chain and left the above location in possession of said chain. Deponent is further informed that informant is the custodian of said chain and the defendant had neither the permission nor authority to take or possess the same.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law.

Sworn to before me on November 13, 2011

_____          _____
                                                              Deponent

Page 1 of 1

# EXHIBIT C

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

THE PEOPLE OF THE STATE OF NEW YORK

      *-against-*

      TASHEEN BURDEN

**Docket No.**
2011RI010219

          *Defendant.*

STATE OF NEW YORK   )
               )  SS.:
COUNTY OF RICHMOND )

    I, Raimondo Velizquez, am the complaining witness in the above case.

1.    I do not want to prosecute the charges against the defendant.
2.    The reason I do not want to prosecute the charges is:

            I am not sure that the defendant is the person who committed the crime.
    _____  There is/was a relationship between the defendant and me.
    __X__  I do not wish to proceed.
    _____  Other: _____

3.    I have not been threatened or intimidated.
4.    My decision not to prosecute the charges is made voluntarily and of my own free will.
5.    I understand that if this case is dismissed, I am not entitled to an order of protection and that any existing order of protection issued under this action will no longer be in effect.

          X _____
             Raimondo Velizquez
             April 2, 2012

    Lynnette Brooks, of an address known to the District Attorney's Office, state under penalty of perjury:

    1. I am fluent in the Spanish and English languages.

    2. I have read a copy of the above to Raimondo Velizquez in the Spanish language.

    3. I have asked Raimondo Velizquez in the Spanish language whether or not s wishes to drop the charges and if this is being done voluntarily.

    4. Raimondo Velizquez responded to me that she wishes to drop, as noted above and she has not been threatened.

             Lynnette Brooks
             April 2, 2012